UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

DUDLEY CENEUS,

                      Plaintiff,

       - versus -

SANFORD TALKIN, Attorney at Law, and  
IVAN A. VOGEL,

                      Defendants.

ORDER  
12-CV-2737

JOHN GLEESON, United States District Judge:

        Plaintiff, Dudley Ceneus, currently incarcerated at Gouverneur Correctional Facility, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983 against his former criminal defense attorneys. Ceneus requests to proceed *in forma pauperis* ("IFP"), and I grant that request solely for the purpose of this Order. For the reasons discussed herein, I dismiss the Complaint.

BACKGROUND

        According to the Complaint, Ceneus was represented by Sanford Talkin and Ivan Vogel in a criminal matter. Compl. at 4. In the course of their representation of Ceneus, Talkin and Vogel "filed only three pieces of boiler plate documents upon the court . . . [and] Talkin took all of [Ceneus's] money." *Id.* As a result of defendants' poor legal representation of him, Ceneus lost his money, housing, business, and cat. *Id.* Ceneus contends that Talkin and Vogel deprived him of effective assistance of counsel, in violation of the Sixth Amendment, for which he seeks $750,000 in damages. Compl. at 4-5. He also asks the Court to bar Talkin and Vogel from practicing law. Compl. at 5.

DISCUSSION

A.    *Standard of Review*

In reviewing the Complaint, I am mindful that Ceneus is proceeding *pro se* and that his pleadings should be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (internal quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, I am required to dismiss *sua sponte* an IFP action if I determine it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

B.   *Analysis*

Because the Complaint fails to state a claim upon which relief may be granted, I am required to dismiss it. A § 1983 action is properly brought only against a person acting under color of state law. 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Defense attorneys, including public defenders, do not act under color of state law when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997). Accordingly, Ceneus's § 1983 claims against his defense attorneys are hereby dismissed.[1]

## CONCLUSION

For the reasons discussed herein, the Complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Insofar as Ceneus seeks to bring a legal malpractice claim rather than or in addition to his § 1983 claim, the Court lacks original subject matter jurisdiction to hear any such claim and declines to exercise supplemental jurisdiction to hear it. *See* 28 U.S.C. §§ 1331, 1332, 1367(c)(3).

So ordered.

John Gleeson, U.S.D.J.

Dated: July 10, 2012
      Brooklyn, New York